﻿Citation Nr: AXXXXXXXX
Decision Date: 07/30/19 Archive Date: 07/29/19

DOCKET NO. 190617-11885
DATE: July 30, 2019

ORDER

As new and relevant evidence has not been received, the Veteran’s petition to reopen his claim of service connection for a right knee disability is denied.

As new and relevant evidence has not been received, the Veteran’s petition to reopen his claim of service connection for a left knee disability is denied.

Entitlement to service connection for a right hip disability, including as secondary to a right knee disability, is denied.

Entitlement to service connection for a left hip disability, including as secondary to a left knee disability, is denied.

FINDINGS OF FACT

1. The additional evidence submitted or otherwise obtained since a final and binding June 2014 rating decision is not relevant to the claims of entitlement to service connection for right and left knee disabilities. 

2. Right and left hip disabilities were not manifested in service or for many years thereafter and are not shown to be etiologically related to the Veteran’s service.

CONCLUSIONS OF LAW

1. New and relevant evidence has not been received and, therefore, reajudication of the service connection claims for left and right knee disabilities is not required. 38 U.S.C. § 5108; 38 C.F.R. §3.156 (a); Pub. L. No. 115-55 § 2(a) (Aug. 23, 2017).

2. The criteria for service connection for a right hip and left hip disability are not met, including on the premise they are secondary to a service-connected disability. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.310.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from October 1958 to October 1960 and from October 1961 to August 1962. These matters come before the Board of Veterans’ Appeals (Board) from a June 2017 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO). 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

In the June 2017 decision, the VARO, in pertinent part, denied the Veteran’s petition to reopen his previously-denied claims of entitlement to service connection for right and left knee disabilities and for service connection for right and left hip disabilities. In December 2017, VA received his notice of disagreement (NOD) with that June 2017 rating decision.

In August 2018, the Veteran elected to participate in the RAMP appeal process and requested a “higher-level review” of his claim. The RO conducted a higher-level review in a December 2018 rating decision, which confirmed and continued the previous denial of service connection for right and left hip disabilities and denied reopening the claims for service connection for right and left knee disabilities. In February 2019, the Veteran appealed the December 2018 RO decision directly to the Board, electing the “direct review” process. Based on his choice to pursue a direct review of his appeal, the Board will decide the appeal “based on the evidence of record at the time of the prior decision” and no additionally-submitted evidence may be considered.

The new-and-material evidence issues regarding service connection for the claimed right and left knee disabilities have been recharacterized as new-and-relevant-evidence issues to reflect the applicable evidentiary standard required in RAMP versus the prior legacy appeal process. 84 Fed. Reg. 138, 172, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. §§ 3.2501(a)(1), 19.2).

New and Relevant Evidence

The Veteran is alleging entitlement to service connection for his right and left knee disabilities; his claims for these disabilities were previously considered and denied.

VA will readjudicate a claim if new and relevant evidence is presented or secured. 84 Fed. Reg. 138, 169 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.156(d)). “Relevant evidence is evidence that “tends to prove or disprove a matter in issue.” VA Claims and Appeals Modernization, 84 Fed. Reg. 138, 172 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501). As the statutory definition of “relevant” does not require that the evidence relate to an unestablished fact necessary to substantiate the claim or raise a reasonable possibility of substantiating the claim; “new and relevant” evidence is a lower standard than the “new and material” evidence standard. 

 

1. Whether new and relevant evidence has been received to reopen the claim of entitlement to service connection for a right knee disability.

2. Whether new and relevant evidence has been received to reopen the claim of entitlement to service connection for a left knee disability.

The Veteran’s claims of entitlement to service connection for right and left knee disabilities were originally denied in a February 1963 rating decision because there was no evidence of aggravation of a pre-existing condition during his service. He did not appeal that decision or submit new and material evidence during the one-year appeal period following the notice of that decision. Therefore, that February 1963 decision is final and binding based on the evidence then of record. 38 U.S.C. § 7105(c); 38 C.F.R. §§ 3.156(b), 20.1103.

Evidence of record at the time of that decision included an August 1965 report noting a pre-service knee injury; the Veteran’s October 23, 1958 entrance examination indicating scars on both knee caps and a diagnosis of bursitis; an April 1960 STR noting his report of swelling and locking of the right knee with assessment of varicose veins and the report of a January 1963 VA examination, which found no abnormality of the knees but noted a suggestion of a history of mild internal derangement.

The Veteran attempted to reopen his claims in July 2013. A June 2014 rating decision continued the denials of service connection for right and left knee disabilities, finding that new and material evidence to reopen these claims had not been received. He did not appeal that decision or submit new and material evidence during the one-year appeal period following the notice of that decision. Therefore, the June 2014 rating decision has also become final and binding based on the evidence then of record and is the last prior final and binding denial of these claims.

After reviewing the evidence since received, the Board finds that it is not new and relevant to these claims, so they cannot be reopened. 

Although the appellant has submitted new evidence (i.e., VA and private treatment records noting the Veteran’s complaints of knee pain), this evidence is not germane to these claims because it does not prove or disprove a matter in issue. Indeed, there is no new evidence pertaining to whether the Veteran may have worse right or left knee disability because of his military service, i.e., tending to suggest that his service aggravated any pre-existing disability beyond its natural progression. Accordingly, the Board finds that new and relevant evidence has not been presented to reopen these previously denied claims of entitlement to service connection for right and left knee disabilities.

Service connection

The law provides that service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active military service in the line of duty. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303. Service connection may be granted for any disease diagnosed after discharge when the evidence, including that pertinent to service, establishes the disease was incurred in service. 38 C.F.R. § 3.303(d).

Generally, establishing service connection requires having medical or, in certain circumstances, lay evidence of (1) a current disability; (2) in-service incurrence or aggravation of a relevant disease or an injury; and (3) a nexus between the disease or injury in service and the present disability. See Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009). 

Service connection also may be established on a secondary basis for disability that is proximately due to, the result of, or aggravated by a service-connected disability. 38 C.F.R. § 3.310(a) and (b); see also Allen v. Brown, 7 Vet. App. 439 (1995) (en banc). The legal requirements for a successful secondary service connection claim are: (1) evidence of a current disability for which secondary service connection is sought; (2) a disability which is service connected; and (3) competent evidence of a correlation between the two – either in the way of causation or aggravation.

Lay evidence is competent if it is provided by a person who has knowledge of facts or circumstances and conveys matters that can be observed and described by a layperson. 38 C.F.R. § 3.159(a)(2). Conversely, competent medical evidence is necessary where the determinative question requires medical knowledge. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). Competent medical evidence means evidence provided by a person who is qualified through education, training, or experience to offer medical diagnoses, statements, or opinions. Competent medical evidence also may mean statements conveying sound medical principles found in medical treatises. As well, competent medical evidence may include statements contained in authoritative writings, such as medical and scientific articles and research reports or analyses. 38 C.F.R. § 3.159(a)(1).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

3. Entitlement to service connection for a right hip disability 

4. Entitlement to service connection for a left hip disability 

The Veteran is claiming entitlement to service connection for right and left hip disabilities, including (as is being specifically alleged) as secondary to his right and left knee disabilities. Initially, regarding this secondary service connection theory of entitlement (i.e., that his hip disabilities are secondary to his knee disabilities), the threshold legal requirement for substantiating this type of claim is not met because he has not established that his right and left knee disabilities are the result of his service, i.e., service connected, including as already discussed by showing that his service aggravated these pre-existing disabilities. See 38 U.S.C. § 1153; 38 C.F.R. § 3.306. It follows by logical deduction that he also cannot establish entitlement to his additionally claimed right and left hip disabilities as secondarily related to his service by way of the knee disabilities. See 38 C.F.R. § 3.310. Therefore, the secondary service connection theory of entitlement lacks legal merit. See Sabonis v. Brown, 6 Vet. App. 426 (1994).

As alternatively for direct or presumptive incurrence of these claimed disabilities, the Veteran’s service treatment records (STRs) are unremarkable for complaints, treatment, or diagnosis of hip disabilities. Also, on separation examination no pertinent abnormalities were noted – either in the way of relevant subjective complaint or objective clinical finding.

A December 2015 VA treatment record notes that Veteran’s complaint of left hip pain. The note mentioned systemic concerns of hip arthritis and hip bursitis (right or left hip not specified).

A September 2017 private treatment record notes an assessment of primary osteoarthritis of the right hip. 

This evidence shows current diagnoses of hip disabilities, but this evidence does not show, and the Veteran does not allege, that these disabilities initially manifested during his service, or within a year of his discharge (since involving arthritis), or are otherwise related or attributable to his service – other than by way of his right and left knee disabilities, which, as already explained, have not been determined to be service connected. 38 C.F.R. § 3.303(d). The record on appeal does not include any competent evidence suggesting that his hip disabilities in any other way may be related to his service; and in the absence of such evidence, there is no basis for obtaining a medical opinion regarding any possible correlation (“nexus”) between his hip disabilities and service. 38 U.S.C. § 5103A(d); 38 C.F.R. § 3.159(c)(4). See also McLendon v. Nicholson, 20 Vet. App. 79, 81 (2006).

 

Notably in this regard, the Veteran has not alleged there is any evidence of a link between his hip disabilities and service other than on a secondary basis by way of his bilateral (left and right) knee disability. Consequently, the preponderance of the evidence is against the claims for right and left hip disabilities, so the appeal concerning them also must be denied. 

 

KEITH W. ALLEN

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD P. Poindexter, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.